58 CCPA

**Application of Conrad O. GARDNER.**

**Patent Appeal No. 8389.**

United States Court of Customs and Patent Appeals.

Dec. 10, 1970.

Conrad O. Gardner, Seattle, Wash., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents, Leroy B. Randall, Bethesda, Md., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RE, Judge, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claims 11–13, 15–17, and 19–20 of appellant's application entitled "Container Structures."[1] The appeal with regard to claims 12–13 has been withdrawn. Claims 21 and 22 have been allowed.

The invention relates to a liquid container, such as a milk carton, having an aperture in it. The aperture is slightly larger than the diameter of a drinking straw. The aperture is covered with a thin sheet of plastic-like material which is sealed to the outside surface of the container. The thin seal is pierceable with a straw, thus permitting direct entry of the drinking straw into the container with a single thrust by the user. Such sealed apertures may be used on several types of container structures including removable container closures such as milk shake covers.

A single independent claim is on appeal:

11. A tubular container for liquids which is surmounted by closure means, said closure means having an aperture therein, said aperture being covered by a thin sheet of material pierceable by a straw the periphery of said thin sheet of material extending beyond the periphery of said aperture and being sealed to the outside surface of said closure means.

Claim 15 is dependent on claim 11 and specifies that the aperture is slightly larger in cross section than the straw to be used in piercing the thin sheet of covering material, which material is maintained taut across the aperture. Claims 16–17 and 19–20 are all dependent from claim 15; claim 16 specifying the thickness of the plastic-like covering material to be less than .001 inch, while claim 17 specifies the approximate diameter of the aperture as .25 inch, and claims 19 and 20 state that the container closure is a top panel and a removable cover, respectively.

The reference relied upon is:

Hesser (Great Britain) 757,292 September 19, 1956.

Hesser discloses a milk carton having an aperture in it which is best shown by Figure 2:

Fig.2

[A3253]

1. Serial No. 589,636 filed October 26, 1966.

The aperture 13 is sealed on the inside surface with a thin pierceable plastic foil 10. Hesser states that the aperture may serve "for introduction into the package of a drinking straw." The straw may be poked through the aperture, which may be round or oval. An alternative purpose for the aperture is to permit grasping by the finger to pull off the corner of the container along the perforated line 12. When the container is torn along the perforation line 12, an unsoiled corner surface of the plastic foil 10 is presented, over which the contents of the package can be poured out.

The examiner rejected the claims under 35 U.S.C. § 103, reasoning that it would be obvious to one of ordinary skill in the art to seal the pierceable plastic material to the outside surface if so desired in the Hesser container. The board affirmed that rejection stating:

> The resulting structure created by placing a seal layer outside of the carton wall material does not appear to us to be so unexpected as to provide basis for a holding of lack of obviousness as required to support patent claims. It rather appears to us that the sealing of an opening by an external membrane is a direct and expected treatment that would be considered along with the form illustrated in the British [Hesser] reference. * * * The thickness recited in claim 16, and the hole size recited in claim 17, appear to us to be well within the expected parameters of the reference teachings. * * * The container forms of claims 19 and 20 are so common as to require no illustration and no unexpected relationship is created by the use of the straw access opening in combination therewith.

A petition for reconsideration was filed, but the board adhered to its earlier decision. In response to appellant's contention that Hesser does not disclose the foil 10 as being "a thin sheet pierceable by a straw," the board directed attention to claim 7 of Hesser which refers to the straw being "poked" into the container.

Appellant contends, as he did before the board, that it would not be obvious to place the seal of Hesser on the outside surface of the container since Hesser teaches that the foil 10 is also necessary to provide an unsoiled pouring surface when the corner of the carton is torn off. It is appellant's position that placing the foil seal on the outside surface of the carton would defeat this purpose, and thus would be directly contrary to the teaching of Hesser. In addition, appellant argues that placing the seal on the outside surface of the container has certain advantages which are lacking in the structure of Hesser. These advantages include easy pierceability of the seal and simplified straw entry; easy container filling; less chance of dirt falling into the container when the seal is pierced; less chance of the liquid weakening the seal, and ease in detecting breaks in the seal.

We cannot accept appellant's arguments. It seems to us, as it did to the examiner and the board, that one skilled in the art would find it obvious to place the seal of Hesser on the outside surface of the container. While Hesser teaches that the foil 10 may be used to provide an unsoiled pouring surface in addition to sealing the aperture through which a drinking straw may be poked, this does not mean that it would be unobvious to place the seal on the outside surface of the aperture. It is apparent that the two means of obtaining the liquid contents from the container (i. e., pouring after the corner has been torn off and inserting a straw through the aperture) are alternative ones. One of ordinary skill in the art would realize that the sealed aperture for use with a straw may be used for that purpose alone, and that it need not always be used in conjunction with the corner structure. When considering the sealed aperture and its use with a straw, it is deemed obvious to place the seal on the outside surface of the container. The separate use of the two means of obtaining the contents of the container is not contrary to the teaching of Hesser. In a situa-

tion where the function of the foil seal to provide a pouring surface is not involved, Hesser himself teaches using a similar foil seal on the outside surface of the container. Hesser may use a foil seal on the bottom of the container. This seal is in addition to top seal 10. As the board noted, Hesser states that the bottom seal may be on the "inside, outside or between the bottom flaps."

While, as appellant points out, there are advantages inherent in the use of the seal on the outside surface, which advantages are not existent in the structure of Hesser, we believe that they would be apparent to one having ordinary skill in the art. We think the person skilled in the art would recognize that placing the seal of Hesser on the outside surface of the container would lead to these advantages, and he would in fact be motivated to make the suggested modification of Hesser in order to obtain these advantages.

Appellant also contends that Hesser neither discloses a seal pierceable by a straw nor the various limitations of the dependent claims. In this regard we again agree with the conclusion of the board. It appears to be a fair implication that Hesser refers to a foil seal pierceable by a straw where he discusses the use of a foil which can be quickly pierced. Similarly, as the board noted, claim 7 of Hesser refers to the straw being poked through the aperture. Likewise, the hole size and thickness of the plastic-like seal material are within the range of what one of ordinary skill in the art would ascertain from the teachings of Hesser in regard to the use of a hole through which a drinking straw can be poked and the use of a pierceable thermoplastic foil. We also agree with the board that removable container closures are notoriously well known in the art and that it would be obvious to provide such container closures with a sealed aperture.

We agree with the board that the claimed invention before us is obvious under 35 U.S.C. § 103 for the reasons set forth by the board; therefore the decision is affirmed.

Affirmed.